UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON ZUBE,

    Plaintiff,

                                        Civil Case No. 22-13111

v.

ECOLAB, INC.,                           Sean F. Cox
                                                United States District Court Judge

    Defendant.
_____/

## OPINION & ORDER
## GRANTING DEFENDANT'S UNOPPOSED
## MOTION TO COMPEL ARBITRATION

Plaintiff filed this action in state court, asserting an employment-based claim against his former employer, and Defendant removed the matter to federal court. The matter is currently before the Court on Defendant's unopposed Motion To Compel Arbitration. The Court concludes that oral argument is not necessary. *See* Local Rule 7.1(f). For the reasons set forth below, the Court **GRANTS** the motion.

### BACKGROUND

Acting through counsel, Plaintiff Jason Zube ("Plaintiff") filed suit against his former employer, Defendant Ecolab, Inc. ("Defendant"), in state court, alleging that he was terminated in violation of public policy under Michigan law.

Defendant removed the action to federal court, based upon diversity jurisdiction. On that same date, Defendant filed a Motion To Compel Arbitration. (ECF No. 2). After Plaintiff failed to file any response to that motion within the already-extended time period permitted for doing so, this Court issued a Show Cause Order that required Plaintiff to show cause, in writing, no

1

later than March 22, 2023, why the unopposed motion should not be granted. (ECF No. 5).

Plaintiff did not file any response to this Court's Show Cause Order.

## ANALYSIS

When a motion to compel arbitration is filed, the Court must determine whether the dispute is arbitrable, meaning that a valid agreement to arbitrate exists between the parties and that the dispute at issue falls within the scope of that agreement. *Mazera v. Varsity Ford Mgmt. Svs, LLC,* 565 F.3d 997, 1001 (6th Cir. 2009). "It is settled authority that doubt regarding the applicability of an arbitration clause should be resolved in favor of arbitration." *Stout v. J.D. Byrider*, 228 F.3d 709, 715 (6th Cir. 2000).

Here, Defendant states that Plaintiff electronically signed a written Mediation and Arbitration Agreement ("the MAA") when he commenced employment with Defendant in 2018. Defendant attached a copy of that agreement, along with a Declaration from a Human Resources Representative stating that Plaintiff electronically signed the MAA on February 23, 2018, and that his personnel file contains a copy of it. (ECF No. 2-3).

The MAA requires that "[a]ll Disputes covered by the MAA be finally and conclusively resolved by final and binding arbitration before a neutral third party." (ECF No. 2-2 at PageID.65). The MAA broadly defines "Dispute" to include any claim "arising out of or in any way related to the application for employment, employment, or cessation of employment with the Company" and includes claims based upon any "federal, state or local statute, regulation or common law doctrine regarding employment, employment discrimination, the terms and conditions of employment, termination of employment, compensation, overtime, breach of contract, retaliation, whistleblowing, defamation, or employment-related tort." (*Id.* at

PageID.64-65).

Plaintiff has not opposed Defendant's motion.  Thus, Plaintiff does not dispute that a valid arbitration agreement exists or that the claim he asserts in this case falls within the broad scope of that agreement.

The Court finds that Defendant has established that a valid agreement to arbitrate exists between the parties and that the claims Plaintiff asserts in this case falls within the broad scope of that agreement.

### CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's unopposed motion is GRANTED and Plaintiff is COMPELLED TO ARBITRATE the claim he has asserted in this action.

IT IS FURTHER ORDERED that this action is STAYED until the conclusion of any arbitration proceedings and this action is CLOSED on the Court's docket for statistical purposes.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction in accordance with the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, for the purpose of confirming, vacating, or correcting any arbitration award.  Any party may move to do so at the conclusion of the arbitration proceedings.

IT IS SO ORDERED.

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated:  March 27, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 27, 2023, by electronic and/or ordinary mail.

s/Jennifer McCoy  
Case Manager